IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| DAN ELMER CAGEY, | Cause No.  CV 08-076-H-DWM-RKS |
| Plaintiff, | |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT** |
| MONTANA STATE PRISON, LYNN FOSTER, and JOE TURNER, | |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) and his proposed Complaint submitted pursuant to 42 U.S.C. § 1983.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and an account statement which this Court deems

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT – CV-08-0076-H-DWM-RKS / PAGE 1

sufficient for the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee for this action of $350.00.  Because the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee.  However, Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.  Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants are responsible for the loss of his personal property.  The Court has liberally construed this allegation as an attempt to state a claim for deprivation of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution.  Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.  Parties

Plaintiff is a pro se prisoner incarcerated at the Dawson County Correctional Facility.

The named Defendants are:  Montana State Prison and two officers at the prison–Lynn Foster and Joe Turner.

### C. Plaintiff's Allegations

According to Plaintiff's Complaint and the documents attached thereto, while at Montana State Prison, Plaintiff purchased a seven inch color television on March 11, 2008. On April 19, 2008, Plaintiff turned off his television in his cell prior to going to lunch. On his way back from lunch, Plaintiff was handcuffed and placed in temporary lock-down for approximately twelve days.

When he got his property/inventory form he noticed his television, a power cord and coaxil cable were not listed. Plaintiff immediately pointed this out of Officer Lynn Foster and would not sign a waiver of liability form because his personal property was missing.

Plaintiff filed an informal resolution request on April 23, 2008 and initiated the inmate grievance process. On May 22, 2008, he filed his last step in the inmate grievance process to the Director of the Montana Department of Corrections. On June 12, 2008, Plaintiff received a final decision on his appeal which stated,

> In this appeal, you claim that correctional staff failed to secure your personal property when you were placed in pre-hearing confinement and that your television is now missing.
>
> The evidence does not support your claim. The evidence demonstrates that correctional staff did secure your property and that you did not have a television amongst your personal property. Rather, the reports indicate that you sold your television to pay for debts prior to being placed in PHC. There is no evidence to support negligence by correctional staff; therefore, your appeal is denied.

(Document 2-2, p. 4).

Plaintiff contends Sgt. J. Turner did not secure his cell and his property. He alleges property officer Lynn Foster tried to get him to take and sign a waiver which he would not do

because his personal property was missing. Plaintiff alleges Defendants did not follow policy or procedures.

Plaintiff seeks reimbursement for his loss of personal property and for the loss of his due process.

### III. PRESCREENING

**A. Standard**

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds the complaint is "frivolous" or "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827,

1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200, 167 L.Ed.2d 1081; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.").

### B. Fourteenth Amendment Due Process Claim

The Court construed two possible claims from Plaintiff's allegations. First, Plaintiff could be alleging that Defendants negligently lost his property. However, mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S.Ct. 662, 88 L.Ed.2d (1986).

Even if Plaintiff is alleging an unauthorized taking of his property, it would still be insufficient to state a claim for relief under the United States Constitution. In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the United States Supreme Court explained that a state official's unauthorized taking of property under color of state law does not

violate the Constitution if the State provides an adequate remedy for the deprivation:

> [A]n unauthorized *intentional* deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Id.* at 533 (emphasis added); *see also Zinermon v. Burch*, 494 U.S. 113, 129-130, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). A state post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. *See Hudson*, 468 U.S. at 531. In other words, unless the state deprives the plaintiff of the opportunity to be compensated for his lost property, the plaintiff has not been denied due process and has not, therefore, been deprived of his property without due process.

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et. seq.*, provides an adequate post-deprivation remedy.[1] *See, e.g.*, Mont. Code Ann. § 2-9-101(1) (2001):

> "Claim" means any claim against [the State], for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a . . . *wrongful* act or omission committed by any [state] employee of the governmental entity while acting within the scope of his employment, under circumstances where the [State], if a private person, would be liable to the claimant for such damages.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them if a private person would be liable and if the intentional tort is committed within the scope of employment. *Id.* Similarly, state employees are not immune from

---

[1]The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-0076-H-DWM-RKS / PAGE 6

suit for intentional torts.  To the extent the employees act outside the scope of their employment, they remain subject to liability themselves.  Thus, adequate post-deprivation remedies are available.

It is true that the post-deprivation remedy rule "does not apply where deprivation is predictable, pre-deprivation process is not impossible, and the defendants are specifically charged with the authority to effect the deprivation charged."  *Armendiaz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994) (citing *Zinermon*, 494 U.S. at 137-38), *vacated in part on reh'g en banc*, 75 F.3d 1311 (9th Cir. 1996).

In this case, however, this is not Plaintiff's claim.  Plaintiff contends that his property was lost (whether intentionally or negligently) when Plaintiff was sent to lock-up.  These are not predictable situations.  Therefore, the post-deprivation remedy rule applies.  Because the Court finds the Montana Tort Claims Act is an adequate state post-deprivation remedy, Plaintiff cannot state a claim for an intentional deprivation of property under the Due Process Clause of the United States Constitution.[2]

## IV.  CONCLUSION

Because Plaintiff failed to state a federal constitutional violation, this matter will be recommended for dismissal.  The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court

---

[2]Plaintiff stated he was "discriminated by staff at M.S.P. because he is Native." (Document 2–Complaint, p. 5, ¶ V).  However, this is the only mention of discrimination in the entire Complaint and all documents attached thereto.  Plaintiff's Complaint appears to be based upon deprivation of property, not racial discrimination.  Furthermore, it does not appear Plaintiff exhausted any claim of racial discrimination. Accordingly, the Court does finds no racial discrimination claim was properly brought in this action.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-0076-H-DWM-RKS / PAGE 7

that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Plaintiff's case fails to state a federal claim. For this same reason, the Court should certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are frivolous.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee. While Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

2. The Clerk shall edit the text of the docket entry for the Complaint (Document 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on October 20, 2008.

Further, the Court issues the following:

**RECOMMENDATION**

1. Plaintiff's Complaint (Document 2) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted and this action should be **DISMISSED**.

2. The Court should order the Clerk of Court to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Plaintiff's failure to state a federal claim upon which relief may be granted.

3. The Court should also certify pursuant to Rule 24(3)(1) of the Federal Rules of

Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claim is frivolous and no reasonable person could suppose that an appeal would have merit.

4. The Court should direct the Clerk of Court to enter Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure indicating that this action is dismissed.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 13th day of November, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge