

**FILED**

DEC 0 5 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DAN ELMER CAGEY, | ) | CV 08-76-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA STATE PRISON, LYNN FOSTER, and JOE TURNER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Cagey, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 alleging deprivation of his property without due process of law. Plaintiff Cagey complains that his television was not listed among his inventoried property when he was placed in temporary lock-down.

    United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a

preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim. The Magistrate explained that any negligence claim fails because negligent acts do not rise to the level of a constitutional violation. With regard to any allegation of intentional activity, Judge Strong concluded that no constitutional violation is alleged because the state offers an adequate post-deprivation remedy in the form of the Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et seq*.

Plaintiff Cagey did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. The Clerk of Court is directed to enter judgement in accordance with this Order.

IT IS FURTHER ORDERED that Plaintiff Cagey's filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g). The Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 5 day of December, 2008.

Donald W. Molloy, District Judge
United States District Court